1    KIRK T. KENNEDY, ESQ.
     Nevada Bar No: 5032
2    815 S. Casino Center Blvd.
     Las Vegas, NV 89101
3    office: (702) 385-5534
     facsimile: (702) 385-1869
4    email: ktkennedylaw@gmail.com
     Attorney for Plaintiff
5
                    **UNITED STATES DISTRICT COURT**
6
                         **DISTRICT OF NEVADA**
7
     JOSEPH D'ANGELO,                        )
8    Individually,                           )
                                             )
9              Plaintiff,                     )
                                             )
10   vs.                                     )
                                             )
11   BANK OF DENE, a foreign corporation;    )
     PRIME BUSINESS SERVICES, INC.,          )
12   a Nevada corporation; MICHAEL           )
     STEPHEN YOUNG, individually and         )
13   as President and Chairman of the Bank   )
     of Dene;                                )
14   DOES 1-10, inclusive; ROE               )
     CORPORATIONS 1-10, inclusive,           )
15                                           )
               Defendants.                   )
16   _____ )

17                         **COMPLAINT**
                        **Jury Trial Demanded**
18
          COMES NOW, the Plaintiff, JOSEPH D'ANGELO, by and through his
19
     undersigned counsel, KIRK T. KENNEDY, ESQ., who files this Complaint against the
20
     Defendants and would allege as follows:
21
     1.  Plaintiff, JOSEPH D'ANGELO, is a resident of Clark County, Nevada and did so
22
     reside herein during all events complained of in this action.
23
     2.  Defendant, BANK OF DENE, is a foreign banking corporation or entity which
24
     operated with the District of Nevada  during all events complained of in this action.
25
     3.  Defendant, PRIME BUSINESS SERVICES, INC., is a Nevada corporation which did
26
     so exist and operate within the District of Nevada during all events complained of in this
27
     action.
28

                                    1

4. Defendant, MICHAEL STEPHEN YOUNG, individually and as the President and Chairman of Defendant Bank of Dene, did so exist in this capacity and effect matters within the District of Nevada  related to this Complaint as set forth herein.

5.  Plaintiff is unaware of the true names and capacities of defendants sued herein as Does 1-10 and Roe Corporations 1-10, and will amend her complaint to show their true names and capacities when the same are ascertained.  Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.  Plaintiff is further informed and believes and thereon alleges that at all times herein mentioned each and every defendant was the agent and employee of the remaining defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment. Each defendant, in doing the acts alleged herein, was acting with the consent, permission and authorization of each of the remaining defendants.

6.  Plaintiff alleges a federal cause of action against the Defendants pursuant to 18 U.S.C. Section 1961, es seq, the Racketeer Influenced and Corrupt Organizations Act of 1970, which serves as the federal jurisdictional predicate for this action.

7 . Venue for this action is appropriate in the District of Nevada as all Defendants either reside and/or operate within this federal District and the events complained of herein occurred within the federal District of Nevada.

8.  On or about November 7, 2017, Plaintiff entered into a contractual agreement with a third party entity known as GTF Holdings, LLC, and its owner, Lewis E. Taylor, III, wherein Plaintiff pledged and agreed to allow Plaintiff's gemstone collection to be used as collateral for various purposes by GTF Holdings, LLC in exchange for certain compensation paid to Plaintiff by GTF Holdings, LLC.

9.  In September, 2017, Plaintiff secured and opened multiple bank accounts with the Defendant Bank of Dene, said accounts opened pursuant to certain account agreements between Plaintiff and the Defendant Bank of Dene.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

10.  On or about November 10, 2017, pursuant to the agreement between Plaintiff and GTF Holdings, LLC, the sum of $13,768,585.40, was transferred from the Bank of Dene account of GTF Holdings, LLC and/or Lewis E. Taylor, III, to the Bank of Dene checking account of Plaintiff.

11.  Through the Defendant Bank of Dene's business computer account management system, Plaintiff was able to confirm that his Bank of Dene checking account was credited with the sum of $13,768,585.40 on or about November 10, 2017, said funds being held free and clear of any known liens or holds against the Plaintiff's access to those funds.

12.  On or about November 16, 2017, Plaintiff initiated multiple wire transfers of the funds held in his Bank of Dene account to wire transfer the noted funds from the Bank of Dene to other banking institutions, such as the Bank of America and US Bank.

13.  When Plaintiff initiated the subject wire transfers, his Bank of Dene account was charged various wire transfer fees for each subject wire transfer, said fees being debited and charged against Plaintiff's Bank of Dene account.

14.  Despite the presence of sufficient funds in Plaintiff's Bank of Dene account, each and every wire transfer was blocked and/or failed because of actions and conduct of the Defendants, such that not one single wire transfer initiated by the Plaintiff was allowed to be completed and fully executed through the wrongful and illegal conduct of the Defendants.

15.  Defendant Michael Stephen Young is believed to be President and Chairman of the Defendant Bank of Dene and Plaintiff alleges that Defendant Young engaged in wrongful, illegal and improper conduct to deny, block or otherwise preclude Plaintiff's wire transfers from actually being transferred from the Bank of Dene to the Plaintiff's designated third party banks and other individuals.

16.  On or about December, 2017, Plaintiff again initiated a series of wire transfers to transfer his money from his Bank of Dene account to various third parties, however, once again, Plaintiff's wire transfers were denied and blocked from occurring by the actions and conduct of the Defendants.

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

17.  At all times herein, Defendant Prime Business Services Inc. is associated, partnered and affiliated with the Defendant Bank of Dene as a common law trust for the Bank of Dene, such that Defendant Prime Business Services, Inc. is directly and proximately related and involved with the overall operations and oversight of the Defendant Bank of Dene.

18.  As a direct and proximate result of the Defendants' actions and wrongful conduct, Plaintiff has incurred harm and damages in excess of $14,000,000.00,  additionally, to the extent that the Defendants' conduct was willful and malicious, the Plaintiff seeks an award of punitive damages against the Defendants in an amount to be determined by the Court.

## FIRST CLAIM FOR RELIEF

## VIOLATIONS OF CIVIL RICO, 18 U.S.C. Section 1961 et seq

19.  Plaintiff realleges, readopts and reincorporates the allegations contained in paragraphs 1 through 18 as though fully set forth herein.

20.  At all times herein, Defendant Michael Stephen Young is the President and Chairman of the Defendant Bank of Dene.

21.  Pursuant to the Racketeer Influenced and Corrupt Organizations Act of 1970 (RICO), 18 U.S.C. Section 1961 et seq., Defendant Young, in his individual and official capacity with the Defendant Bank of Dene has engaged in willful, intentional, reckless and fraudulent activity in violation of RICO by engaging in a pattern of  racketeering activity, including financial institution fraud, wire fraud, theft, money laundering and other criminally fraudulent activity against the Plaintiff.

22. The Defendant Young's activity was related to his role as President and Chairman of the Defendant Bank of Dene, which is a privately held financial institution and is an enterprise affecting interstate commerce.

23.  Plaintiff alleges that Defendant Young willfully, intentionally and fraudulently stopped, precluded and/or otherwise unlawfully interfered with Plaintiff's wire transfer activity from Plaintiff's personal Bank of Dene bank accounts, such that each and every

attempted wire transfer executed by the Plaintiff from his Bank of Dene account in November and December, 2017, as noted herein, was blocked, precluded and unlawfully interfered with by Defendant Young and/or under Defendant Young's supervision, direction and control.

24.  Defendant Young's racketeering activity, as alleged herein, has directly and proximately caused severe financial harm to the Plaintiff who has been precluded, blocked and stopped from transferring his own funds from Plaintiff's Bank of Dene accounts by the actions and conduct of Defendant Young.

25.  Defendant Young's racketeering activity, as set forth herein, has caused harm and damages to the Plaintiff in an amount in excess of $14,000,000.00; additionally the Plaintiff seeks an award of treble damages and attorneys fees and costs against Defendant Young based on his racketeering activity pursuant to RICO.

## SECOND CLAIM FOR RELIEF
## NEGLIGENT SUPERVISION

26.  Plaintiff realleges, readopts and reincorporates the allegations contained in paragraphs 1 through 25 as though fully set forth herein.

27.  Defendants are responsible for the supervision and employment of its agents to insure that said agents performed their duties and functions in accordance with state and federal law.

28  Defendants willfully, intentionally, recklessly and negligently supervised their employees and agents by engaging in unlawful and improper conduct to deny the Plaintiff access to his own funds at the Defendant Bank of Dene.

29.  As a direct and proximate result of the Defendants' negligent supervision, Plaintiff has incurred harm and damages in excess of $14,000,000.00,  additionally, to the extent that the Defendants' conduct was willful and malicious, the Plaintiff seeks an award of punitive damages against the Defendants in an amount to be determined by the Court.

### THIRD CLAIM FOR RELIEF
### BREACH OF CONTRACT

30.  Plaintiff realleges, readopts and reincorporates the allegations contained in paragraphs 1 through 29 as though fully set forth herein.

31.  Plaintiff entered into a contractual relationship for banking services when he opened accounts with the Defendant Bank of Dene, said contract of services offering Plaintiff private banking services, including checking account services and other accounts offered by the Defendant Bank of Dene.

32.  Defendants, and each of them, willfully, intentionally, recklessly and negligently breached this contract for banking services with the Plaintiff by engaging in conduct to improperly and unlawfully deny the Plaintiff access to his funds transferred into his Bank of Dene account in November, 2017, as set forth herein.

33.  As a direct and proximate result of the Defendants' breach of contract, the Plaintiff has suffered harm and damages in an amount in excess of $14,000,000.00.

### FOURTH CLAIM FOR RELIEF
### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

34.  Plaintiff realleges, readopts and reincorporates the allegations contained in paragraphs 1 through 33 as though fully set forth herein.

35.  In every contractual arrangement there exists an implied covenant recognized at law for each party to deal fairly with one another and in good faith to promote the purposes of the contract.

36.  Defendants, and each of them, willfully, intentionally, recklessly and negligently breached the implied covenant of good faith and fair dealing by (1) entering into a contract for banking services with the Plaintiff and then engaging in conduct to improperly and unlawfully deny the Plaintiff access to his funds transferred into his Bank of Dene account in November, 2017, as set forth herein; (2) by engaging in bad faith conduct to deprive Plaintiff access to his funds and property; (3) by engaging in conduct

which is contrary to state and federal law; (4) by engaging in conduct to block or deny the Plaintiff the right to transfer his own funds from his own Bank of Dene accounts.

37.    As a direct and proximate result of the Defendants' breach of the good faith covenant, Plaintiff has incurred harm and damages in excess of $14,000,000.00, additionally, to the extent that the Defendants' conduct was willful and malicious, the Plaintiff seeks an award of punitive damages against the Defendants in an amount to be determined by the Court.

## FIFTH CLAIM FOR RELIEF
## FRAUD AND MISREPRESENTATION

38.  Plaintiff realleges, readopts and reincorporates the allegations contained in paragraphs 1 through 37 as though fully set forth herein.

39.  Defendants, and each of them, willfully, intentionally and recklessly engaged in fraudulent conduct by allowing Plaintiff to open a bank account(s) with the Defendant Bank of Dene and then unlawfully and improperly denying Plaintiff access to his subject account(s) to use, transfer and withdraw funds at his discretion and direction.

40.  Plaintiff detrimentally relied on the Defendants' representations and conduct which caused Plaintiff to open an account(s) with the Defendant Bank of Dene and to utilize those accounts at Plaintiff's discretion, direction and control.

41. As set forth above, Plaintiff initiated multiple wire transfers to transfer and move his own money from his Bank of Dene accounts and transfer said funds to third party financial institutions and other third party individuals, however, each and every wire transfer was intentionally and fraudulently denied and blocked by conduct of the Defendants.

42.  As a direct and proximate result of the Defendants' fraudulent conduct, Plaintiff has incurred harm and damages in excess of $14,000,000.00, additionally, to the extent that the Defendants' conduct was willful and malicious, the Plaintiff seeks an award of punitive damages against the Defendants in an amount to be determined by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1. For general damages in excess of $14,000,000.00;

2. For special damages in excess of $14,000,000.00;

3. For treble damages premised upon Plaintiff's RICO cause of action;

4. For punitive damages to be determined by the Court;

5. For reasonable attorney's fees incurred herein.

6. For costs of suit and prejudgment interest.

7. For such other and further relief deemed appropriate by this Court.

Dated this 8th day of January, 2018.

/s/Kirk T. Kennedy
KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
Attorney for Plaintiff

**JURY TRIAL DEMAND**

Pursuant to FRCP 38, Plaintiff does hereby demand a trial by jury of all issues and claims raised in this Complaint.

Dated this 8th day of January, 2018.

/s/Kirk T. Kennedy
KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
Attorney for Plaintiff

8