UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JOSEPH D'ANGELO,

Plaintiff,

v.

BANK OF DENE, *et al.*,

Defendants.

Case No. 2:18-cv-00073-RFB-VCF

ORDER

## I. INTRODUCTION

Before the Court is Plaintiff Joseph D'Angelo's Motion for Default Judgment (ECF No. 34) and Request for Ruling on Unopposed Plaintiff's Motion for Default Judgment (ECF No. 35). For the reasons discussed below, the Court grants the Motion for Default Judgment in part and enters judgment in favor of Plaintiff against Defendants Michael Stephen Young and Prime Business Services, Inc.

## III. ALLEGED FACTS

In his Complaint filed on January 12, 2018, Plaintiff alleges the following facts. ECF No. 1. In September 2017, Plaintiff secured and opened multiple bank accounts with Defendant Bank of Dene. On or about November 7, 2017, Plaintiff entered into a contractual agreement with GTF Holdings, LLC, and its owner, Lewis E. Taylor, III, wherein Plaintiff agreed to allow his gemstone collection to be used as collateral for various purposes by GTF Holdings, LLC in exchange for compensation.

On November 10, 2017, pursuant to the agreement, $13,768,585.40 was transferred from the Bank of Dene account of GTF Holdings, LLC and/or Lewis E. Taylor, III, to the Bank of Dene

checking account of Plaintiff. Through Bank of Dene's business computer account management system, Plaintiff was able to confirm that his Bank of Dene checking account was credited with the sum of $13,768,585.40 on November 10, 2017. These funds to be held free and clear of any liens or holds against Plaintiff's access to those funds.

On or about November 16, 2017, Plaintiff initiated multiple wire transfers of the funds held in his Bank of Dene account to other banking institutions, such as the Bank of America and US Bank. When Plaintiff initiated the wire transfers, his Bank of Dene account was charged various wire transfer fees for each wire transfer. Every attempted wire transfer failed.

In December 2017, Plaintiff again initiated a series of wire transfers to transfer his money from his Bank of Dene account to various third parties, and again, each attempted transfer was denied.

Plaintiff alleges that Defendant Michael Stephen Young intentionally precluded the wire transfers. Plaintiff alleges that Young is the President and Chairman of Bank of Dene and that Defendant Prime Business Services, Inc. is a common law trust for Bank of Dene, directly involved with the bank's overall operations and oversight. Plaintiff brings claims for (1) violations of the Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO"), 18 U.S.C. Section 1961 *et seq.*; (2) negligent supervision; (3) breach of contract; (4) breach of the implied covenant of good faith and fair dealing; and (5) fraud and misrepresentation.

,

## II. PROCEDURAL BACKGROUND

Plaintiff filed the Complaint against Bank of Dene, Prime Business Services, and Young on January 12, 2018. Plaintiff filed proof of service to Prime Business Services and Young on January 18, 2018. ECF No. 6.

Plaintiff filed a Motion for Entry of Clerk's Default on February 23, 2018. ECF No. 9. The Clerk of Court entered default against Prime Business Services and Young on February 26, 2018. ECF No. 10.

On February 26, 2018, Prime Business Services and Young filed a Motion to Dismiss. ECF No. 11. In the Motion to Dismiss, Prime Business Services and Young argue that the Court

lacks jurisdiction because Defendants are part of a sovereign entity, Dene Tribes. Plaintiff filed a Motion to Strike the Motion to Dismiss on March 6, 2018 and a Response on March 12, 2018. ECF Nos. 14, 16. Young filed a Response to Plaintiff's Motion to Strike on March 20, 2018. ECF No. 21.

Plaintiff filed proof of service to Bank of Dene on March 8, 2018. ECF No. 15. On March 15, 2018, Bank of Dene filed a Motion to Dismiss reiterating the same arguments presented by Prime Business Services and Young at ECF No. 11. ECF No. 17. Plaintiff filed a Response on March 16, 2018. ECF No. 19. Young filed a Reply on March 20, 2018. ECF 20.

Plaintiff filed a Proposed Discovery Plan on April 14, 2018. ECF No. 24. No discovery has been scheduled or has occurred.

On June 7, 2018, Young filed an affidavit with the Court reiterating his belief that he is immune from suit and that the Court lacks jurisdiction over him and Bank of Dene as actors on behalf of the sovereign Dene Tribes. ECF No. 26.

The Court held a hearing on the pending motions on September 19, 2018. ECF No. 30. Defendants did not appear at the hearing and the Court's notice of hearing to Defendants was returned. Id. The Court denied all pending motions based on Defendants' failure to appear and instructed that Defendants file with the Court written notification of any change of mailing address, email address, telephone number, or facsimile number in compliance with Local Rule IA 3-1. Id. The Court cautioned Defendants that they risked entry of default judgment absent notice of intent to defend the suit within 21 days. Id.

On September 19, 2018, Young filed another affidavit with the Court again asserting his jurisdictional argument. ECF No. 31.

On October 22, 2018, Plaintiff filed the instant Motion for Default Judgment. ECF No. 34. On March 4, 2019, Plaintiff filed the instant Request for Ruling on Unopposed Plaintiff's Motion for Default Judgment. ECF No. 35.

/ / /

/ / /

/ / /

**IV. LEGAL STANDARD**

The granting of a default judgment is a two-step process directed by Federal Rule of Civil Procedure ("Rule") 55. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). The first step is an entry of clerk's default based on a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The second step is default judgment under Rule 55(b), a decision which lies within the discretion of the Court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact, (6) whether the default was due to excusable neglect, and (7) the Federal Rules' strong policy in favor of deciding cases on the merits. Eitel, 782 F.2d at 1471–72.

If an entry of default is made, the Court accepts all well-pleaded factual allegations in the complaint as true; however, conclusions of law and allegations of fact that are not well-pleaded will not be deemed admitted by the defaulted party. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007). Additionally, the Court does not accept factual allegations relating to the amount of damages as true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). Default establishes a party's liability, but not the amount of damages claimed in the pleading. Id.

**V. DISCUSSION**

As a preliminary matter, the Court notes that it may, but need not, construe Defendants' filings following the Clerk's entry of default as motions to set aside the default. See Davies v. Guinn Res. Co., 978 F.2d 714 (9th Cir. 1992). Because Defendants' filings following the Clerk's entry of default display Defendants' unwillingness to participate in this lawsuit, and because Defendants declined to appear at the Court's September 19, 2018 hearing or to abide by the Court's Order at ECF No. 30, the Court does not construe any of Defendants' filings as motions to set aside the default.

/ / /

The Court also preliminarily notes that although Plaintiff seeks default judgment against all three Defendants, a clerk's default has only been sought and entered against Defendants Prime Business Services and Young, not Bank of Dene. See ECF Nos. 9, 10. The Court therefore declines to enter default judgment against Bank of Dene at this time.

The Court considers each Eitel factor and finds that granting default judgment against Defendants Young and Prime Business Services is appropriate in this case.

To begin, the Court finds the first factor favors default judgment because Prime Business Services and Young have declined to defend this action in compliance with the Court's orders. Though Prime Business Services and Young have initiated filings with the Court, these filings only serve to illustrate their non-participation. These Defendants insist that the Court has no authority over them because Young is a Native Indian sovereign Chief of the Dene Tribes and because Bank of Dene is a sovereign and unincorporated Native Indian bank functioning through Prime Business Services, a Nevada common law trust. Though Prime Business Services and Young proffer these arguments as well as arguments on the merits, they have declined to appear at a motion hearing as ordered by this Court to litigate this jurisdictional question. These Defendants also failed to comply with the Court's September 19, 2019 Order. Young's same-day filing, rather than informing the Court of his intent to defend the suit, reiterates his position that he need not do so. Neither Defendant filed a Response to Plaintiff's Motion for Default Judgment, filed nearly eight months ago, nor to Plaintiff's Request for Ruling, filed over three months ago. Because Young and Prime Business Services have failed to appear in Court for the scheduled hearing, to respond to the Court's September 19, 2019 Order, and to respond to Plaintiff's Motion for Default Judgment, Plaintiff is unable to litigate either the jurisdictional propriety or the merits of his claims.

The Court next examines the merits of the substantive claims and sufficiency of the Complaint and finds that the second and third Eitel factors favor judgment for Plaintiff. First, the Court does not find that it lacks jurisdiction over any Defendants. While Indian tribes possess common-law immunity from suit, officers of the tribe are not protected by the tribe's immunity. Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58–59 (1978). Therefore, the Court does not lack

jurisdiction over Young for the reasons he repeatedly asserts. Additionally, tribal immunity extends to business activities of the tribe only if the business entity functions as an arm of the tribe. Allen v. Gold Country Casino, 464 F.3d 1044, 1046 (9th Cir. 2006). "The question is not whether the activity may be characterized as a business . . . but whether the entity acts as an arm of the tribe so that its activities are properly deemed to be those of the tribe." Id. Consistent with both Plaintiff's Complaint and Young's own filings, the Court finds that Young owns Bank of Dene in his individual capacity and that Bank of Dene does not operate as an arm of the Dene Tribes. To the extent Defendants argue that Prime Business Services is also protected by sovereign immunity in the context of this lawsuit, the Court finds no reason to apply tribal immunity to this Nevada common law trust.

Second, the Court finds that the Complaint and attached documentation sufficiently allege that Defendants fraudulently barred Plaintiff from accessing the $13,768,585.40 he had stored at Bank of Dene as part of a pattern of racketeering activity. Importantly, Young and Prime Business Services's filing at ECF No. 11 fully concedes that Plaintiff and others were defrauded. Defendants argue, however, that non-party Lewis E. Taylor, III is individually entirely responsible for Plaintiff's harm. Defendants' alleged facts do not undercut Plaintiff's theory of liability, as Defendants acknowledge that Taylor was appointed a trustee of Bank of Dene and was initially authorized to act on the Bank's behalf to build a website and obtain lines of credit. Their allegations that Taylor was an unpaid volunteer do not absolve Defendants of responsibility for Taylor's actions as an agent. See Restatement (Third) of Agency § 3.01 cmt. b (2006) (stating that no consideration is required to create an agency relationship). Even after Taylor was allegedly terminated, Defendants admit that Young continued to authorize Taylor's ongoing actions on behalf of Bank of Dene. For example, Defendants cite to a writing from Young to Taylor following Taylor's termination that instructs Taylor to take further action on Bank of Dene's behalf. ECF No. 11 at 6. Defendants' own version of the facts supports a conclusion that Young continued to allow an agency relationship after Taylor's termination and that Young ratified Taylor's fraudulent behavior by allowing it to continue, consistent with an outcome of liability for the systemic fraud. See Restatement (Third) of Agency § 4.01 (2006) (ratification occurs when conduct justifies a

reasonable assumption that the principal consents to the agent's actions). And while Defendants proffer that Young lacked actual knowledge of the scope of Taylor's actions, Defendants admit that Young "observ[ed] discrepancies" and was "concerned about Taylor's true intentions." ECF No. 11 at 4. These admissions suffice for liability under a ratification theory so long as Young "should have known of the actual facts because a reasonable person under the circumstances would have investigated further." Kristensen v. Credit Payment Servs. Inc., No. 2:12-CV-00528-APG, 2015 WL 4477425, at *3 (D. Nev. July 20, 2015), aff'd, 879 F.3d 1010 (9th Cir. 2018) (alternations and internal quotation marks omitted) (citing Restatement (Third) of Agency § 4.01 cmt. b). Thus, accepting as true the allegations in Plaintiff's well-pleaded Complaint, particularly in light of the concessions in Young and Prime Business Services's Motion to Dismiss at ECF No. 11, the Court finds that Plaintiff's claims for (1) violations of RICO; (2) negligent supervision; (3) breach of contract; (4) breach of the implied covenant of good faith and fair dealing; and (5) fraud and misrepresentation are meritorious against both Young, the sole owner of Bank of Dene, and Prime Business Services, the common law trust for Bank of Dene. See ECF No. 1.

The Court next considers the fourth Eitel factor, the amount of money at stake. Plaintiff's requested judgment of over $55 million ($13,768,585.40 plus treble damages pursuant to RICO, 18 U.S.C.A. § 1964(c)), plus attorney's fees and costs, amounts to an extraordinary sum to grant on default judgment. However, the Court finds such judgment is appropriate in light of Plaintiff's documentation of the $13,768,585.40 deposit with Bank of Dene, Defendants' concession of the legally relevant facts, and Defendants' express unwillingness to participate in this lawsuit.

The Court finds that the fifth and sixth Eitel factors favor Plaintiff. As to the fifth factor, Defendants' filings and each parties' exhibits demonstrate little possibility of a dispute of material fact. The disputes in this case appear to be (1) whether Defendants have immunity from this Court's jurisdiction and (2) whether Defendants can be legally liable for Taylor's actions. Both legal questions, as discussed above, resolve in favor of Plaintiff. As to the sixth factor, the Court does not find that the default is due to excusable neglect. Defendants' filings make clear that Defendants decline to participate in this lawsuit on the non-meritorious basis of their alleged immunity from suit.

Finally, although the Federal Rules favor deciding cases on the merits, Defendants' filings and non-appearance at the September 19, 2019 hearing suggest a decision on the merits as to Young and Prime Business Services is not a possibility. The Court therefore grants Plaintiff's Motion for Default Judgment as to Defendants Young and Prime Business Services. The Court awards actual damages of $13,768,584.40, treble damages of $41,305,753.20, and attorney's fees and costs. 18 U.S.C. § 1964(c).

## VI. CONCLUSION

**IT IS ORDERED** that Plaintiff's Motion for Default Judgment is GRANTED in part as to Defendants Michael Stephen Young and Prime Business Services, Inc. and DENIED (ECF No. 34) at this time as to Defendant Bank of Dene.

**IT IS FURTHER ORDERED** that Plaintiff's Request for Ruling on Unopposed Plaintiff's Motion for Default Judgment (ECF No. 35) is DENIED as moot.

**IT IS FURTHER ORDERED** that the Clerk of the Court is instructed to enter judgment in favor of Plaintiff against Defendants Young and Prime Business Services.

**IT IS FURTHER ORDERED** that Plaintiff has 30 days to seek entry of default against Bank of Dene or the Court will order the case dismissed without prejudice as to that defendant.

DATED: June 17, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**